

DA 09-0232

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 421N

BERNARD SCHILLO, THOMAS BECK,
EDWARD HILTZ and JAMES DAVIS,

        Plaintiffs and Appellees,

    v.

HANS LAMPERT, INGA LAMPERT,
and HANS LAMPERT, II,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Deer Lodge, Cause No. DV-04-100
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Timothy M. Dick; Timothy M. Dick, P.C., Butte, Montana

        For Appellees:

            Darrel L. Moss; Moss & Associates, P.C., Missoula, Montana

        Submitted on Briefs:  November 18, 2009

                Decided:  December 8, 2009

Filed:

_____
                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hans Lampert, Inga Lampert and Hans Lampert, II (collectively referred to as the Lamperts) appeal from the Findings of Fact, Conclusions of Law and Order filed March 17, 2009 by the District Court of the Third Judicial District, Deer Lodge County. We affirm.

¶3 Schillo, Beck, Hiltz and Davis (collectively referred to as Schillos) are property owners in the Perkins Gulch area of Deer Lodge County, near Warm Springs, Montana. In 2004 they sued Lamperts to establish their right to access their property in Perkins Gulch via the Perkins Gulch Road. The District Court conducted a two-day bench trial in May, 2008. Based upon the evidence at trial, the District Court concluded that Schillos had established a private and a public prescriptive right to use the Perkins Gulch Road to access homes and residences, and for agricultural purposes, cattle ranching, logging, hunting and recreation, Forest Service access and mining.

¶4     Lamperts contend on appeal that Schillos failed to prove the elements of public or private prescriptive easements by clear and convincing evidence, and that if such easements exist, the District Court erred in describing their scope.

¶5     The Perkins Gulch road has existed since 1869, and in 1959 Lamperts acquired their land that is crossed by the road. The District Court heard the testimony of each of the witnesses and entered detailed findings that the facts offered by Schillos in support of a prescriptive easement were credible, supportive of the easement claims, uncontradicted by other evidence and corroborated by the balance of the evidence in the record. The District Court found the testimony of the Lamperts, primarily that use of the easement was permissive, to be inconsistent, contradictory, supportive of the easement claims, contradicted by evidence offered by Schillos and not corroborated by the remaining evidence in the record. The District Court found the testimony of Inga Lampert to be evasive and of minimal value in resolving the issues. The District Court found evidence that there has been continuous and uninterrupted use of the Perkins Gulch Road since the 1940s to access residences of people living in Perkins Gulch, as well as to access National Forest lands.

¶6     A prescriptive easement is established by providing clear and convincing evidence of a use that is open, notorious, exclusive, adverse, continuous and uninterrupted for the statutory period. *Leichtfuss v. Dabney*, 2005 MT 271, ¶ 24, 329 Mont. 129, 122 P.3d 1220. Clear and convincing evidence is "definite, clear, and convincing" and does not require "unanswerable or conclusive evidence." *Wareing v. Schreckendgust*, 280 Mont. 196, 206, 930 P.2d 37, 43 (1996). We review a district court's findings of fact to

determine whether they are clearly erroneous, *Leisz v. Avista Corp.*, 2007 MT 347, ¶ 14, 340 Mont. 294, 174 P.3d 481, with due regard to the principle that the trial court and not this Court determines the credibility of the witnesses and the weight assigned to their testimony. *Estate of Harms*, 2006 MT 320, ¶ 12, 335 Mont. 66, 149 P.3d 557. The District Court in this case carefully weighed the testimony and the credibility of the witnesses, and the findings are not clearly erroneous. Likewise, the District Court's conclusions based upon the evidence are correct.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS